UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DR. JACKIE CAVNER                                                                                    PLAINTIFF

v.                                              No. 2:21-CV-02034

UNIVERSITY OF ARKANSAS
FORT SMITH, et al.                                                                                 DEFENDANTS

**OPINION AND ORDER**

This case was removed to this Court from the Circuit Court of Sebastian County on February 2, 2021. Before the Court are two motions to dismiss. Defendant Mercy Hospital Fort Smith ("Mercy") filed a motion (Doc. 5) to dismiss and brief in support (Doc. 6). Defendant University of Arkansas Fort Smith ("UAFS") filed a motion (Doc. 7) to dismiss and a brief in support (Doc. 8). Plaintiff Dr. Jackie Cavner filed a response (Doc. 13) and brief in opposition (Doc. 14) to Mercy's motion. Plaintiff also filed a response (Doc. 15) and brief in opposition (Doc. 16) to UAFS's motion. For the reasons set forth below, the motions will be GRANTED.

**I.      Background**

Plaintiff's complaint alleges that since 2010 she has been a faculty member at UAFS and is currently an Assistant Professor in the nursing program. Plaintiff's credentials include a master's degree in nursing education, a master's degree as an advanced practice registered nurse, and a Doctor of Nursing Practice degree in women's health. Plaintiff alleges that at the time of the events giving rise to her complaint her job duties included instructing UAFS students by providing patient care at Mercy under an agreement Mercy entered into with UAFS. She was required to comply with Mercy's protocols and employee guidelines and to participate in Mercy's onboarding each semester, which was similar to the onboarding Mercy provided to its employees.

1

In September 2018, Plaintiff received a report from a student that a physician at Mercy made an inappropriate sexual remark towards the student during an obstetric procedure. Plaintiff reported the incident as a possible sexual discrimination/harassment violation, and Plaintiff alleges that after making the report she experienced continued retaliation and blowback from UAFS and Mercy. Specifically, Plaintiff alleges she received harassing calls and communications from a Mercy physician, and UAFS, despite being aware of the harassing calls, took no action on her behalf. Further, following Plaintiff's report the Mercy physician requested UAFS restrict nursing student's ability to observe obstetric procedures.[1] In November 2018, Plaintiff met with her UAFS supervisor and UAFS's Human Resources department to discuss the retaliation Plaintiff was allegedly experiencing, but the meeting did not resolve the retaliation issues.

Plaintiff alleges that in December 2019, UAFS gave her an "undesirable Spring 2019 schedule." (Doc. 4, p. 4). Plaintiff was originally to teach a research class because of the issues at Mercy. However, the research class was not on the Spring 2019 schedule Plaintiff received because UAFS allegedly determined Plaintiff did not have the requisite qualifications, despite Plaintiff's previous experience in teaching the research course. In the Spring of 2019, UAFS denied Plaintiff funding for a trip that Plaintiff alleges "would have reasonably been expected to receive approval." *Id.* Plaintiff also requested a raise in May 2019, and the request was denied.

Plaintiff continued to report misconduct, and in April 2019, Plaintiff and other faculty members, brought grievances against Plaintiff's superior to the Dean of College and Health Sciences. Also, in 2019, Plaintiff sought an interim director position, and despite recommendation by faculty members she was not hired for the position. Regarding the interim director position,

---

[1] Plaintiff does not allege that the nursing students were restricted from observing procedures. However, the Court infers in her favor that Mercy prevented her students from observation at the physician's request.

Plaintiff's UAFS supervisor told Plaintiff "the things you do in the past affect your future." (Doc. 4, p. 5). In December 2019, Plaintiff alleges she was denied an endowed professorship and was also passed over for a promotion that eventually was given to someone less qualified. Plaintiff was also passed over for another promotion in Fall 2019. Two faculty members told Plaintiff the UAFS superior did not appoint her as interim director after the supervisor learned Plaintiff had submitted a FOIA request regarding grievances made against the supervisor. Plaintiff argues the denial of these promotions occurred because of the possible sexual harassment/discrimination incident she reported in 2018.

Plaintiff filed an EEOC charge of discrimination against Mercy and UAFS in March 2020. On September 25, 2020, Plaintiff received her notice of right to sue regarding Mercy, but her charge against UAFS is still pending. Plaintiff filed this action on December 30, 2020, against Mercy and UAFS for alleged violations of Title VII of the Civil Rights Act, the Arkansas Civil Rights Act, and Title IX of the Education Amendments of 1972. Plaintiff also asserted a claim against UAFS under the Arkansas Whistleblower's Act.

**II.     Legal Standard**

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Those alleged

facts must be specific enough "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence of illegal [activity]," the Court should deny a motion to dismiss. *Id.* at 556.

### III. Discussion

#### A. Claims against Mercy

Mercy argues that Plaintiff has failed to state a Title VII claim against Mercy because Plaintiff is not Mercy's employee.[2] Title VII prohibits "employers from retaliating against an employee who is engaged in a protected activity, which can be either opposing an act of discrimination made unlawful by Title VII . . . or participating in an investigation under Title VII." *Hunt v. Neb. Pub. Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002). However, Title VII only provides a remedy against an employee's employer. *Adkins v. Downtown Dental Assocs.*, No. 4:20-CV-1515-JCH, 2021 WL 63536, at *3 (E.D. Mo. Jan. 6, 2021). The Court must "consider traditional definitions of employer and employee to identify the relationship required by § 2000e(b) . . . and all incidents of the relationship must be assessed and weighed . . . ." *Daggit v. United Food & Com. Workers Int'l Union, Local 304A*, 425 F.3d 981, 988 (8th Cir. 2001).

Plaintiff argues she has alleged facts sufficient to demonstrate Mercy and Plaintiff had an employer/employee relationship. Specifically, Plaintiff argues that Plaintiff performed patient care and nursing services at Mercy, was required to comply with Mercy's employee policies and

---

[2] Mercy also argues Plaintiff's Title VII claim is barred because Plaintiff failed to file a timely charge of discrimination and failed to file this lawsuit within 90 days of dismissal of the charge. Because the Court is dismissing the Title VII claim on other grounds, it will not address Mercy's argument or Plaintiff's request to equitably toll the statute of limitations.

guidelines, and was required to go through Mercy's onboarding process for employees.  However, Plaintiff's complaint does not demonstrate that Mercy had a substantial level of control over Plaintiff.  Instead, the complaint shows Plaintiff was an employee of UAFS, and UAFS and Mercy had an agreement by which Plaintiff "instructed students and provided patient care at Mercy." (Doc. 4, p. 2).  Although Mercy required Plaintiff to follow certain guidelines and attend an onboarding, the Court cannot infer from the complaint that Mercy paid Plaintiff, had the ability to fire Plaintiff, or exerted any type of control over Plaintiff's day-to-day work.  *See Daggit*, 245 F.3d at 987 ("Central to the meaning of these words is the idea of compensation in exchange for services: an employer is someone who pays, directly or indirectly, wages or a salary or other compensation to the person who provides services—that person being the employee . . . Compensation is an essential condition to the existence of an employer-employee relationship . . . without compensation, no combination of other factors will suffice to establish the relationship." (internal citations and quotations omitted)).  Accepting the facts alleged in the complaint as true, Plaintiff's Title VII claim against Mercy must be dismissed because Mercy is not Plaintiff's employer.[3]

Lastly, Mercy argues Plaintiff's Title IX claim against Mercy should be dismissed because Mercy is not a Title IX funding recipient, Plaintiff's claim for retaliation exclusively falls under the scope of Title VII, and Plaintiff fails to allege facts that she engaged in a protected activity or that Mercy took any material adverse employment action against her.  Plaintiff argues the complaint states facts sufficient to show she engaged in a protected activity and suffered an adverse

---

[3] Plaintiff's response includes several requests for leave to amend her complaint, and Plaintiff represents an amendment would allow Plaintiff to include more particular facts.  However, Plaintiff has not filed a motion to file an amended complaint, has not included a proposed amended complaint with her responses to the motions to dismiss, and did not amend her pleading as matter of course as allowed by Federal Rule of Civil Procedure 15.

employment action and that Title IX applies to Mercy. "To establish a claim under Title IX based on peer harassment, a plaintiff must show as a threshold matter, that the defendant is a [T]itle IX funding recipient." *Rohbakhsh v. Bd. of Tr. of Neb. State Colls.*, 409 F. Supp. 3d 719, at 732 (D. Neb. 2019). Plaintiff's conclusory statement in her complaint that "Title IX applies to both defendants" is a legal conclusion rather than an allegation of fact that could support a Title IX claim against Mercy. Because Plaintiff's complaint does not plausibly allege that Mercy is a funding recipient under Title IX, Plaintiff's Title IX claim against Mercy is dismissed.

    **B.**    **Claims against UAFS**

Defendant UAFS argues Plaintiff's Title IX claim against UAFS should be dismissed because Title VII provides a complete remedy and Title IX does not imply a private cause of action for damages for employment discrimination. Plaintiff argues a private right of action exists for employees to pursue retaliation claims under Title IX. As the parties' briefing illustrates, there is currently a circuit split on the issue of whether Title IX provides a private cause of action for employment discrimination claims. *See Kelley v. Iowa State Univ. of Science & Tech.*, 311 F. Supp. 3d 1051, 1064 n.6 (S.D. Iowa 2018); *Hendrick v. Univ. of Ark. for Med. Sciences*, Case No. 4:18-CV-944, 2019 WL 4230655, *3 (E.D. Ark. Sept. 5, 2019). The Fifth and Seventh Circuits have ruled that Title VII provides an exclusive remedy for employment discrimination on the basis of sex or retaliation. *See Hendrick*, 2019 WL 4230655, *3. The Third and Sixth Circuits have found employment discrimination may be pursued under Title IX or Title VII. *See Id.* Although the Eighth Circuit has not addressed the issue, the Court agrees with other district courts in this circuit and finds that because "Title VII provides a comprehensive and carefully balanced remedial mechanism for redressing employment discrimination, and [because] Title IX does not clearly imply a private cause of action for damages for employment discrimination, none should be created

by the courts." *Cooper v. Gustavus Adolphus College*, 957 F. Supp. 191, 193 (D. Minn. 1997). Because Plaintiff has remedy under Title VII, Plaintiff's Title IX claim against UAFS will be dismissed.

  **C.** **State Law Claims**

Plaintiff's state law claims will be remanded to the Circuit Court of Sebastian County because the Court is dismissing the claims over which it has original jurisdiction. 28 U.S.C. §§ 1367(c)(3), 1447(c); *see Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, (2009) (recognizing district courts may remand state law claims over which they exercise supplemental jurisdiction after dismissing claims over which they exercise original jurisdiction).

**IV.** **Conclusion**

IT IS THEREFORE ORDERED that Defendant Mercy's motion (Doc. 5) is GRANTED. Plaintiff's Title VII and Title IX claims against Mercy are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant UAFS's motion (Doc. 7) is GRANTED. Plaintiff's Title IX claim against UAFS is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's state law claims are REMANDED. Judgment on the dismissed claims will be entered separately.

IT IS SO ORDERED THIS 26th day of February, 2021.

            */s/ P. K. Holmes, III*
            P.K. HOLMES, III
            U.S. DISTRICT JUDGE